[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-10424
Non-Argument Calendar

————————————————

D.C. Docket No. 4:17-cr-00019-MW-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEAN VOLVICK CIVIL,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(February 1, 2019)


Before MARCUS, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jean Civil appeals his conviction and 78-month sentence for conspiracy to distribute 500 grams or more of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846.  No reversible error has been shown; we affirm.

I.

Civil first challenges the district court's denial of his motion for a judgment of acquittal.  Civil contends that the district court amended constructively the superseding indictment by permitting the government to obtain a conviction based on only one of the four controlled substances alleged in the indictment.  Civil also argues that the district court's jury instructions and the jury verdict form were inconsistent with the charge alleged in the superseding indictment.

We review de novo a district court's denial of a judgment of acquittal. United States v. Doran, 854 F.3d 1312, 1313 (11th Cir. 2017).  We also review de novo whether a constructive amendment has occurred.  United States v. Holt, 777 F.3d 1234, 1261 (11th Cir. 2015).  A district court's instructions to the jury and the jury verdict form are reviewed for an abuse of discretion and will be upheld if they

2

"accurately reflect the law" and do not mislead the jurors.  See United States v.

Starke, 62 F.3d 1374, 1380 (11th Cir. 1995).

"The Fifth Amendment guarantees that a defendant can be convicted only of

crimes charged in the indictment."  Holt, 777 F.3d at 1261.  An impermissible

constructive amendment of the indictment can happen "when the evidence at trial

or the court's jury instructions deviate from what is alleged in the indictment."  Id.

In determining whether a constructive amendment has occurred, we look at

whether "the essential elements of the offense contained in the indictment [have

been] altered to broaden the possible bases for conviction beyond what is

contained in the indictment."  Id.  Constructive amendment of an indictment is per

se reversible error.  Id.

Sections 841(a)(1) and 846 make it unlawful for a person to conspire to

"manufacture, distribute, or dispense, or possess with intent to manufacture,

distribute, or dispense, a controlled substance."  21 U.S.C. §§ 841(a)(1), 846.  To

obtain a conviction, the government need prove beyond a reasonable doubt only

that the defendant conspired to distribute a controlled substance.  See United States

v. Sanders, 668 F.3d 1298, 1309 (11th Cir. 2012).  We have said that "the specific

amount and type of drugs are not elements of the § 841(a)(1) offense" and, thus,

"the government's failure to prove the amount or type charged in the indictment

3

does not merit reversal." Id. (alterations omitted).  Instead, the nature of the controlled substance alleged in the indictment is pertinent only for purposes of sentencing.  United States v. Rutherford, 175 F.3d 899, 906 (11th Cir. 1999); see 21 U.S.C. § 841(b) (setting forth the penalties for a violation of section 841(a) based on the type and amount of controlled substance).

Here, the superseding indictment charged Civil with conspiring to "distribute a controlled substance, and this offense involved methamphetamine, 4-carbomethoxyfentanyl, commonly known as carfentanil, tramadol, and 500 grams or more of a mixture and substance containing a detectable amount of cocaine." The jury found beyond a reasonable doubt that Civil conspired to distribute 500 grams or more of cocaine: Civil raises no challenge to the jury's determination on appeal.

Civil contends, however, that the district court amended constructively the superseding indictment by permitting the government to obtain a conviction based on evidence that Civil conspired to distribute only cocaine -- and not all four of the controlled substances alleged in the superseded indictment.  Because the kind of controlled substance charged in the indictment "neither constitutes an element of the offense nor broadens the bases for conviction," Civil's constructive-amendment argument fails.  See Rutherford, 175 F.3d at 906.

4

For similar reasons, we also reject Civil's challenge to the district court's jury instructions and to the jury verdict form. The district court instructed the jury that the government was "not required to prove beyond a reasonable doubt that the conspiracy involved all of the controlled substances named in the superseding indictment, but the government must prove beyond a reasonable doubt that a conspiracy involved at least one of the controlled substances named in the superseding indictment." Consistent with the court's instructions, the jury verdict form listed separately each of the four controlled substances alleged in the indictment, with a box for a check mark next to each. The jury instructions and verdict form constituted no constructive amendment to the superseding indictment. See id. Moreover, the jury instructions and verdict form reflected accurately the law and were not misleading; we see no error. See Starke, 62 F.3d at 1380.

## II.

Civil next challenges his sentence. He contends that the district court erred in applying a two-level enhancement for possessing a dangerous weapon at the time of the offense, pursuant to U.S.S.G. § 2D1.1(b)(1).

5

"We review the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the Sentencing Guidelines to those facts de novo." United States v. Gallo, 195 F.3d 1278, 1280 (11th Cir. 1999). We afford "substantial deference" to the district court's credibility determinations about witness testimony. United States v. Pham, 463 F.3d 1239, 1244 (11th Cir. 2006).

The Sentencing Guidelines provide for a two-level enhancement when a defendant convicted of a drug trafficking offense possessed a dangerous weapon, including a firearm. U.S.S.G. § 2D1.1(b)(1). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.11(A)). When the offense of conviction is conspiracy, the enhancement will apply if the weapon is found in a location where acts in furtherance of the conspiracy took place. Pham, 463 F.3d at 1246.

Although the jury acquitted Civil of using a gun during a drug trafficking crime, we have said that "relevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005).

6

Here, sufficient evidence exists from which the district court could find by a preponderance of the evidence that Civil possessed a gun in connection with a drug trafficking offense. The government presented evidence that, after police arrested Civil's co-conspirator (Stokes), the police lured Civil to Stokes's apartment with the promise that Stokes would repay a debt for drugs that had been fronted to Stokes by Civil. When Civil arrived at Stokes's apartment, he was carrying a duffle bag inside of which was a loaded AK-47. After considering the evidence and the parties' arguments at sentencing, the district court determined that "overwhelming" evidence existed demonstrating that Civil was present at Stokes's apartment to collect on a drug debt and, thus, possessed the gun in connection with an ongoing drug trafficking offense. In doing so, the district court rejected Civil's contention that he was at Stokes's apartment to collect money owed to him for a car.

We afford "substantial deference" to the district court's credibility determination. See Pham, 463 F.3d at 1244. Civil has failed to demonstrate that the connection between the gun and his drug trafficking offense was "clearly improbable." The district court committed no error in applying the two-level enhancement under section 2D1.1(b)(1).

AFFIRMED.

7